LEVINE, J.,
concurring specially.
I fully agree with the majority opinion, but I write to emphasize the clear legal right of the individual homeowner to receive just compensation as a result of the actions of the State. The State’s actions in cutting down these trees most assuredly constituted “takings,” whether under the regulatory takings or physical takings analysis, that demanded just compensation. Regardless of the type of takings denominated here, the result in this case must be the same — full and just compensation to the homeowners.
By requiring the State to abide by its constitutional obligation to compensate individual homeowners, we safeguard the property rights of all. “The sacred rights of property are to be guarded at every point. I call them sacred, because, if they are unprotected, all other rights become worthless or visionary.” Joseph Story, The Value and Importance of Legal Studies (1829), in Miscellaneous Writings of Joseph Story 503, 519 (William W. Story ed., 1852).
As highlighted by the majority opinion, it is well settled in law that generally there is a right to just compensation where private property is taken for the public welfare. As Justice Black stated, “The Fifth Amendment’s guarantee that private property shall not be taken for a public use without just compensation was designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.” Armstrong v. United States, 364 U.S. 40, 49, 80 S.Ct. *93 1563, 4 L.Ed.2d 1554 (1960). In this case, by requiring the State to provide just and fair compensation, it alleviates from the affected homeowners the onerous burden of shouldering costs that should be borne by all the citizenry.